UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
LANDMARK AMERICAN
INSURANCE COMPANY

                             Plaintiff,               **ORDER**
        -against-                          09 CV 5271 (DRH) (ARL)

THE DIZZY LIZARD, INC. d/b/a
THE DIZZY LIZARD and ERIK JAEGER,


                             Defendants.
--------------------------------------------------------X
**HURLEY, Senior District Judge:**

      By way of background, plaintiff Landmark American Insurance Company ("Landmark") commenced this action in order to rescind three Liquor Liability Insurance Policies (the "Policies") it issued to defendant The Dizzy Lizard, Inc. d/b/a/ The Dizzy Lizard ("Dizzy Lizard"). Landmark asserts that in the applications for the Policies, Dizzy Lizard materially misrepresented that it had not been issued any citations for liquor law violations in the past five years. Landmark also sought a declaratory judgment as to the respective rights and obligations of the parties under one of the policies in connection with a lawsuit brought by defendant Erik Jaeger ("Jaeger") against Dizzy Lizard (the "Jaeger Action").[1] Pursuant to that policy and subject to a reservation of rights, Landmark was providing a defense to Dizzy Lizard in the Jaeger Action. To the extent that the Policies are rescinded, Landmark asserts that it is entitled to a declaration that it has no obligation to Jaeger regarding the Jaeger Action.[2]

---

[1] Apparently, Jaeger was injured in a motor vehicle accident involving a car driven by Steven Jones, Jr., who was intoxicated after leaving Dizzy Lizard. In the Jaeger Action, it is alleged that Dizzy Lizard sold intoxicating beverages to Steven Jones, Jr. despite it knowing or having reason to believe that Steven Jones, Jr. was under the age of twenty-one.

[2] The Complaint notes that Jaeger was included in the action as a necessary party under Federal Rule of Civil Procedure ("Rule") 19(a) since he has an interest relating to

In June 2010, Landmark advised the Court that Dizzy Lizard consented to the rescission of the Policies. However, due to Jaeger's unwillingness to stipulate to the discontinuance of the action, Landmark requested to voluntarily dismiss the action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. (*See* Docket No. 10.) In response, the Court set forth deadlines for Landmark and Jaeger to submit letter briefs in connection with Landmark's application to voluntarily dismiss this action. While the Court received Landmark's letter brief (*see* Docket No. 12), Jaeger failed to submit his letter brief in response.

Although there was a period of time where Dizzy Lizard was unresponsive to efforts by Landmark to enter into a formal stipulation (*see* Docket No. 14), on May 19, 2011, the Court was informed that the matter had been resolved as between Landmark and Dizzy Lizard. Landmark advised that "the parties executed a Confidential Policy Rescission and Mutual Release" and that the defense of the Jaeger Action "has been transferred to Dizzy Lizard's personal counsel, Peter T. Connor, Esq." (*See* Docket No. 34.) On September 14, 2011, Landmark and Dizzy Lizard filed a Stipulation and Order of Discontinuance with Prejudice, which was endorsed on September 15, 2011. Thus, Jaeger is the only remaining defendant.

As an initial matter, it is unclear whether Jaeger still objects to the dismissal of this action. There has been no activity in this case since the dismissal of Dizzy Lizard, a period of almost two years. Moreover, it is likely that the Jaeger Action has been resolved since it was scheduled for trial in 2011. Notwithstanding the above, Landmark's application to dismiss this action under Rule 41(a)(2) is granted.

---

the subject matter of this action.

2

Rule 41(a)(2) states that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."[3] Fed. R. Civ. P. 41(a)(2). "A voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed 'if the defendant will not be prejudiced thereby.'" *D'Alto v. Dahon Cal., Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) (quoting *Wakefield v. N. Telecom Inc.*, 769 F.2d 109, 114 (2d Cir. 1985)); *see also Gap, Inc. v. Stone Intern. Trading, Inc.*, 169 F.R.D. 584, 588 (S.D.N.Y. 1997) ("[T]he presumption in this circuit is that a court should grant dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result."). The Second Circuit delineated the following factors for courts to consider when determining whether prejudice exists: "[1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial; [4] the duplicative expense of relitagation; and [5] the adequacy of plaintiff's explanation for the need to dismiss." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990).

When the facts and circumstances of this case are analyzed under the *Zagano* factors, it becomes apparent that no prejudice would occur if this action was dismissed. First, Landmark was diligent in seeking dismissal as it contacted the Court the day after receiving word from Dizzy Lizard that it was consenting to the rescission of the Policies, and the same day that Jaeger's counsel informed Landmark that his client would not stipulate to dismissal. Second, this action has not progressed beyond the pleading stage with little expense and effort on Jaeger's part. Third and finally, the fact that the

---

[3] Because Jaeger filed an Answer and is unwilling to execute a stipulation of dismissal, Landmark may not dismiss this action as a matter of right under Rule 41(a)(1).

3

rescission issue has been resolved not only provides an adequate basis for Landmark's desire to dismiss this action but also a basis to conclude that there is no vexatiousness on its part and that there would be no further litigation against Jaeger.

Because there would be no prejudice to Jaeger for Rule 41(a)(2) purposes, the Court grants Landmark's application to voluntarily dismiss this action. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
        August 30, 2013

/s/
Denis R. Hurley
Unites States District Judge